DAVID E. MASTAGNI, ESQ. (SBN 204244)
ISAAC S. STEVENS, ESQ. (SBN 251245)
ACE T. TATE, ESQ. (SBN 262015)
**MASTAGNI HOLSTEDT,**
A Professional Corporation
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
davidm@mastagni.com
Attorneys for Plaintiffs, Matthew Blanco, et al.

DIETER C. DAMMEIER, SBN 188759
DammeierLaw@gmail.com
**DAMMEIER LAW FIRM**
9431 Haven Avenue, Suite 232
Rancho Cucamonga, CA 91730
Telephone: (909) 240-9525
Attorney for Plaintiffs, Amber Jones, et al.

**ALESHIRE & WYNDER, LLP**
CHRISTINE M. CARSON, State Bar No. 188603
ccarson@awattorneys.com
2361 Rosecrans Ave., Suite 475
El Segundo, California 90245
Telephone: (310) 527-6660
Attorneys for Defendant, City of Rialto

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BLANCO and RICHARD ROYCE, et al., on behalf of themselves and all similarly situated individuals,<br><br>                    Plaintiffs,<br>v.<br><br>CITY OF RIALTO,<br><br>                    Defendant. | Case No. 5:17-CV-00994-R-DTB<br><br>**STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE** |

AMBER JONES, et al.,

Plaintiffs,

v.

CITY OF RIALTO,

Defendant.

Case No. 5:17-CV-01514-R (AGRX)

The parties to the above-captioned actions stipulate as follows:

1.      WHEREAS, the above referenced putative collective action and related case under the Fair Labor Standards Act ("FLSA") were filed on May 18, 2017 (Case No. 5:17-CV-00994) ("*Blanco* Action") and July 28, 2017 (5:17-CV-01514) ("Jones Action"), alleging that Defendant violated the overtime payment provisions of FLSA. As used herein both actions shall be collectively referred to as "Actions."

2.      WHEREAS, a Notice of Related Case was filed on July 28, 2017, and the *Jones* Action was reassigned to this Court.

3.      WHEREAS, Plaintiffs in both Actions (collectively "Plaintiffs") are presently or were previously employed by the City of Rialto ("Defendant").  Plaintiffs and the Defendant shall be collectively referred to as "Parties" herein.

4.      WHEREAS, the Court has jurisdiction over the subject matter of the Actions and over the Parties.

5.      WHEREAS, the Complaints in both Actions allege that Defendant owes back overtime pay to Plaintiffs and similarly situated former and/or current employees because Defendant allegedly did not include compensation paid to employees in lieu of health benefits or cafeteria plan contributions into the regular rate of pay used to compensate FLSA overtime hours;

6.      WHEREAS, the Complaints in both Actions seek to recover this allegedly-owed unpaid overtime compensation, as well as liquidated damages, attorney's fees, and costs on behalf of Plaintiffs and all those similarly situated;

7.     WHEREAS, Defendant has filed Answers to the operative Complaints in both Actions denying Plaintiffs' allegations and asserting affirmative defenses to the claims for relief set forth therein;

8.     WHEREAS, a bona fide dispute exists between the Parties as to Defendant's liability and the extent thereof under the FLSA in both Actions;

9.     WHEREAS, the Parties have engaged in extensive negotiations in good faith in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in labor and employment matters;

10.    WHEREAS, the Parties wish to avoid the uncertainty, expense and delay of litigation and have therefore reached an agreement. The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release ("Settlement Agreement") that all Parties have executed. A copy of the Settlement Agreement is attached hereto and incorporated herein. By entering into this Settlement Agreement, Defendant does not admit, and continues to expressly deny, any liability for the claims alleged in the Actions;

11.    WHEREAS, courts have determined that the provisions of the FLSA are mandatory and cannot generally be waived by contract or otherwise—unless the settlement agreement is approved by the Court or the Department of Labor. (See, e.g., *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982));

12.    WHEREAS, however, when employees bring a private action for compensation under the FLSA, and present the district court a proposed settlement, the district court may enter a judgment after reviewing the settlement for fairness. (*Id*. at p. 1353.) If the proposed settlement reflects a reasonable compromise over issues that are actually in dispute, the Court has the power to approve the settlement "to promote the policy of encouraging settlement of litigation." (*Id*. at 1354);

13.    WHEREAS, district courts in the Ninth Circuit follow *Lynn's Food Stores*.

(*Selk v. Pioneers Memorial Healthcare District*, 159 F.Supp.3d 1164, 1172 (S.D. Cal. 2016) (FLSA claims may be waived through court supervised settlement agreement) (citation omitted); *Nen Thio v. Genji, LLC*, 14 F.Supp.3d 1324, 1333–34 (N.D. Cal. 2014) (court has the power to approve FLSA settlement that is "a fair and reasonable resolution of a bona fide dispute") (citation omitted));

14.     WHEREAS, Plaintiffs' counsel in both Actions as well as Plaintiffs Blanco and Royce met with Defendant's counsel on August 21, 2017 and negotiated a global settlement of both Actions which included Defendant's inclusion of cash-in-lieu payments and cafeteria plan contributions into its employees' overtime rate;

15.     WHEREAS, the Parties have informally exchanged information in pursuance of settling the Actions, and believe that the settlement amounts, as well as the method of calculating the amounts, are fair and consistent with and within the range of the maximum results Plaintiffs and putative plaintiffs could expect to obtain at trial;

15.     WHEREAS, the Parties believe the agreed-upon amounts to be paid to Plaintiffs' counsel are fair and reasonable;

16.     WHEREAS, the Parties jointly request the Court find the settlement to be a fair, reasonable and just negotiated resolution of a bona fide dispute, and that this Court approve of the stipulated Settlement Agreement and enter dismissal of both Actions via an Order;

17.     WHEREAS, by entering into this Stipulation and requesting Court approval, the Parties do not intend that the Court should make any findings or determination regarding the law. This Stipulation, and any exhibits and any other documents or written materials prepared in conjunction with this Stipulation, should not constitute evidence of, or any admission of, any violation of the FLSA, or any other federal or state law, regulation, order, or rule by any Party;

        IT IS THEREFORE STIPULATED, by and between the Parties, through their respective counsel, that:

1.      The Settlement Agreement contains a fair and just negotiated resolution to the current disputes between the Parties as set forth in the Actions;

2.      The Court should approve the Settlement Agreement by signing the Order attached hereto;

3.      The Court should reserve jurisdiction over the Actions for the purposes of enforcing the Settlement Agreement;

4.      Upon the Court's approval of the Settlement Agreement, the Actions should be dismissed with prejudice.

Respectfully submitted,

Dated: November 20, 2017          **MASTAGNI HOLSTEDT, APC**

By: */s/ David E. Mastagni*
DAVID E. MASTAGNI, ESQ.
ISAAC S. STEVENS, ESQ.
ACE T. TATE, ESQ.
Attorneys for Plaintiffs,
Matthew Blanco, et al.

Dated: November 20, 2017          **DAMMEIER LAW FIRM**

By: *Dieter C. Dammeier*
DIETER C. DAMMEIER, ESQ.
Attorneys for Plaintiffs,
Amber Jones, et al.

Dated: November 20, 2017          **ALESHIRE & WYNDER, LLP**

By: *Christine M. Carson*
CHRISTINE M. CARSON, ESQ.
Attorneys for Defendant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SIGNATURE ATTESTATION**

I hereby attest that I have obtained the authorization from the signatories to this e-filed document and have been authorized to indicate their consent by a conformed signature (/s/) within this e-filed document.

By: */s/ David E. Mastagni*