# Attachment A

# Fully Executed Settlement Agreement

# Part 1 of 10

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

*BLANCO, ET AL. v. CITY OF RIALTO*
Case No. 5:17-cv-00994-R-DTB

&

*JONES, ET AL. v. CITY OF RIALTO*
Case No. 5:17-cv-01514-R-AGR

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

**This Document is subject to Public Disclosure**

This is a settlement agreement ("**AGREEMENT**") between Defendant CITY OF RIALTO ("**CITY**" or "**DEFENDANT**") and Plaintiffs MATTHEW BLANCO, RICHARD ROYCE, AND ALL PLAINTIFFS WHO HAVE FILED CONSENTS TO JOIN (collectively, "***BLANCO* PLAINTIFFS**") in the collective action case entitled *Blanco, et. al. v. City of Rialto* (C.D. Cal. Case No. 5:17-cv-00994-R-DTB) ("***BLANCO* ACTION**") and Defendant CITY and PLAINTIFF AMBER JONES AND ALL ADDITIONAL NAMED PLAINTIFFS (collectively, "***JONES* PLAINTIFFS**") in the case entitled *Jones, et. al. v. City of Rialto* (C.D. Cal. 5:17-cv-01514-R-AGR) ("***JONES* ACTION**"). The *JONES* PLAINTIFFS and *BLANCO* PLAINTIFFS are sometimes hereinafter referred to collectively as "**PLAINTIFFS.**" The *BLANCO ACTION* and *JONES ACTION* are sometimes hereinafter referred to collectively as "**ACTIONS.**" Each party is sometimes hereinafter referred to individually as "**PARTY**" and collectively as "**PARTIES.**"

## RECITALS

This AGREEMENT is made with reference to the following facts:

A.    On May 19, 2017, current CITY safety employees MATTHEW BLANCO and RICHARD ROYCE filed the *BLANCO* ACTION on behalf of themselves and all similarly situated individuals, a civil complaint against CITY, in the U.S. District Court for the Central District of California, Case No. 5:17-cv-00994-R-DTB, alleging violations of the Fair Labor Standards Act ("FLSA") and seeking unpaid wages, liquidated damages, and attorneys' fees and costs based on the recent Ninth Circuit decision in *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016) ("***FLORES* DECISION**"), which held cash-in-lieu of health benefits and cafeteria plan contributions shall be included in employees' regular rate of pay, and thus in the calculation of the overtime rate, unless the cafeteria benefits plan is a "bona fide plan" under the provisions of the FLSA. Subsequently, multiple employees filed consents to join the *BLANCO* ACTION. A list of all *BLANCO* PLAINTIFFS is attached hereto as Exhibit A-1 and incorporated herein by this reference. All the *BLANCO* PLAINTIFFS are or were employed by CITY during the operative period of the *BLANCO* ACTION.

B.      MATTHEW BLANCO and RICHARD ROYCE filed the *BLANCO* ACTION against CITY on behalf of themselves and all similarly situated current and former non-exempt CITY employees who worked overtime and received cash-in-lieu of health benefits payments and/or health benefits at any time since May 19, 2014. The *BLANCO* PLAINTIFFS allege they are entitled to additional overtime pay because CITY violated the FLSA by failing to pay them the full amount due for all overtime hours worked. Specifically, the *BLANCO* complaint alleges, based on the *FLORES* DECISION, CITY failed to properly calculate CITY employees' overtime rate of pay by excluding cafeteria plan contributions or cash-in-lieu of health benefits payments from the regular rate of pay. The *BLANCO* PLAINTIFFS allege they are entitled to recover unpaid overtime from May 19, 2014 to the present, plus liquidated damages in an equal amount, and attorney fees and costs.

C.      CITY timely answered the *BLANCO* complaint, generally denying all allegations and raising multiple affirmative defenses.

D.      On July 28, 2017, certain current or former employees of CITY filed the *JONES* ACTION, a civil complaint against CITY, in the U.S. District Court for the Central District of California, Case No. 5:17-cv-01514-R-AGR, also alleging CITY failed to include cash-in-lieu of health benefits and/or cafeteria plan contributions in the *JONES* PLAINTIFFS' overtime rate of pay. A list of all *JONES* PLAINTIFFS is attached hereto as Exhibit A-2 and incorporated herein by this reference. Since the *JONES* PLAINTIFFS filed their Complaint against CITY, the CITY has filed a timely Answer, and *JONES* PLAINTIFFS have filed a First Amended Complaint ("FAC") to add other current or former CITY employees who have requested to be added to the *JONES* ACTION. CITY denies the allegations in the FAC. A list of all *JONES* PLAINTIFFS who have been added to the *JONES* ACTION is included in Exhibit A-2 and incorporated herein by this reference. All the *JONES* PLAINTIFFS are or were employed by CITY during the operative period of the *JONES* ACTION.

E.      CITY and the *BLANCO* PLAINTIFFS, and CITY and the *JONES* PLAINTIFFS, agree to jointly file a Notice of Conditional Settlement requesting the Court to stay the ACTIONS for at least 60 days pending Court approval of the AGREEMENT.

F.      In an effort to resolve the issues raised in the ACTIONS, the PARTIES have engaged in extensive negotiations regarding these matters. CITY disputes all the PLAINTIFFS' allegations that they are owed additional unpaid wages. Throughout these negotiations, the PARTIES were and continue to be represented by counsel experienced in wage and hour, employment and labor matters.

G.      The PARTIES wish to avoid the potential uncertainty, expense, and delay of litigation and have therefore, based on their extensive negotiations, mutually agreed to a settlement of their disputes. The PARTIES understand the potential recovery at trial remains unknown, but the PARTIES believe the terms of this AGREEMENT are consistent with and within the range of a reasonable result the *BLANCO* and *JONES* PLAINTIFFS might expect to obtain after a trial if they were to prevail on their assertions that they are owed unpaid overtime based on the *FLORES* DECISION, and taking into account significant potential setoffs available to CITY based on its past overtime payments in excess of FLSA requirements.

H.     The PARTIES now desire to resolve all of the outstanding issues in the above-described lawsuits, and to that end, enter into this AGREEMENT.

NOW THEREFORE, the PARTIES hereto agree, warrant, and represent as follows:

## TERMS

1.     **Resolution of Claims.** The following provisions address the claims raised by the *BLANCO* and *JONES* PLAINTIFFS in the ACTIONS and those of current or former employees of CITY who have similar claims ("PUTATIVE PLAINTIFFS") arising in the past, up to and including the effective date of this AGREEMENT:

a.     The CITY has allocated a Total Settlement Amount of Two Million Nine Hundred Two Thousand Three Hundred Seventy-Nine Dollars and Sixty-Eight Cents ($2,902,379.68) ("**TOTAL SETTLEMENT AMOUNT**"). From this TOTAL SETTLEMENT AMOUNT, CITY shall pay a total amount of Two Million Five Hundred Fifteen Thousand Four Hundred Ninety-Two Dollars and Forty-Seven Cents ($2,515,492.47) ("**TOTAL PAYMENT**") as the maximum amount to be paid to PLAINTIFFS and PUTATIVE PLAINTIFFS to settle this case, not including attorneys' fees and costs. The TOTAL PAYMENT represents the total amount of unpaid overtime owed to PLAINTIFFS and PUTATIVE PLAINTIFFS over an approximate three (3) year period, as well as liquidated damages.   The TOTAL PAYMENT includes: (i) Two Million Two Hundred Thirty-Two Thousand Seven Hundred Fourteen Dollars and Eighty-Two Cents ($2,232,714.82) in damages to PLAINTIFFS, and (ii) up to Two Hundred Eighty-Two Thousand Seven Hundred Seventy-Seven Dollars and Sixty-Four Cents ($282,777.64) in damages to PUTATIVE PLAINTIFFS who may subsequently opt into either the *BLANCO* or *JONES* ACTIONS as described in Paragraph 2 below.

From the TOTAL SETTLEMENT AMOUNT, and in addition to the TOTAL PAYMENT made to PLAINTIFFS and PUTATIVE PLAINTIFFS, CITY shall also pay Three Hundred Eighty-Six Thousand Eight Hundred Eighty-Seven Dollars and Twenty-One Cents ($386,887.21) in attorneys' fees and costs. The PARTIES agree the fees and costs agreed to herein are fair and reasonable, given that the fees equal only 13.33% of the TOTAL SETTLEMENT AMOUNT paid by CITY to settle the ACTIONS. The attorneys' fees and costs shall be divided equally between the law firms of Mastagni Holstedt, PLAINTIFFS' Counsel in the *BLANCO* ACTION, and the Dammeier Law Firm, PLAINTIFFS' Counsel in the *JONES* ACTION.

b.     The amount paid to each PLAINTIFF and PUTATIVE PLAINTIFF shall be a pro rata distribution of the TOTAL PAYMENT, based upon the number of overtime hours each PLAINTIFF or PUTATIVE PLAINTIFF worked between May 19, 2014 and August 19, 2017, and the amount of their cafeteria plan contributions or cash-in-lieu of health benefits payments ("**DAMAGES PAYMENT**"). To determine the amount of unpaid overtime owed to each PLAINTIFF and PUTATIVE PLAINTIFF, CITY verified the amount of monies provided to each CITY employee for either the cafeteria plan contribution or the cash-in-lieu of health benefits. For each employee, this amount was annualized and divided by the number of regularly scheduled hours

each employee worked in a given year, to arrive at the alleged hourly regular rate of pay shortage. This hourly regular rate shortage amount was then multiplied by 1.5 and then multiplied by all overtime hours the employee worked or was deemed to work, including contract overtime hours in excess of FLSA-recognized overtime hours, pursuant to the terms of the applicable CITY Memorandum of Understanding ("MOU") with employee organizations, within a given year. The total amount was then multiplied by a factor of 0.8667, based on the mutual agreement that the third year and the amounts of offsets and credits are in dispute. No other credits or offsets otherwise available to CITY pursuant to 29 U.S.C. Section 207(h)(2) were applied in making these calculations. The amounts to be received by PLAINTIFFS are listed in Exhibit B attached hereto. The amounts to be received by PUTATIVE PLAINTIFFS are listed in Exhibit C attached hereto.

c.      The DAMAGES PAYMENT paid to each PLAINTIFF, and each putative PLAINTIFF who subsequently opts into either the *BLANCO* or *JONES* ACTIONS or this AGREEMENT shall be allocated half as wages and half as liquidated damages. Each PLAINTIFF'S and PUTATIVE PLAINTIFF'S signature on this AGREEMENT constitutes an acknowledgment of the individual settlement payment to that employee, affirming the DAMAGES PAYMENT is accepted as fair, just, and reasonable, and constitutes a full and complete payment in resolution of all claims asserted in the ACTIONS against CITY.

d.      CITY provided PLAINTIFFS' attorneys with a list of all employees eligible for contract and/or FLSA overtime, as well the DAMAGES PAYMENT owed to each employee calculated using the methodology described above. CITY represents these calculations are based on its payroll and work records, and further agrees to meet and confer over any disagreements or discrepancies over the accuracy of the employment information used to calculate the DAMAGES PAYMENT under this methodology.

e.      The PARTIES agree that this methodology is fair, just, and reasonable with respect to the legal value of the claims of the PLAINTIFFS and PUTATIVE PLAINTIFFS.

f.      Two-thirds of the DAMAGES PAYMENTS, as set forth in Exhibits B and C, shall be paid in this 2017-2018 fiscal year, and the remaining one-third of the DAMAGES PAYMENTS shall be paid in the next 2018-2019 fiscal year, pursuant to Paragraph 27 of this AGREEMENT below.

g.      CITY disputes it owes the overtime wages asserted by PLAINTIFFS in the ACTIONS, since even if it has overtime liability pursuant to the *FLORES* DECISION, it contends it has substantially overpaid PLAINTIFFS' overtime wages far in excess of FLSA overtime requirements. To resolve this dispute, CITY has agreed to pay each employee the DAMAGES PAYMENT, which combined is the TOTAL PAYMENT, to avoid the uncertainty of and costs incurred in litigation. The settlement amounts listed in Exhibits B and C represent payment of an agreed-upon amount for all overtime compensation allegedly owed to PLAINTIFFS and PUTATIVE PLAINTIFFS and all amounts allegedly owed for

liquidated damages, a one-year extension of the statute of limitations, and any and all other damages and/or relief recoverable in the litigation, as well as attorneys' fees and costs, for the full liability period applicable to the litigation.

2.    **Process for Resolution of Claims of Putative Plaintiffs.**  PLAINTIFFS' counsel in the *BLANCO* ACTION brought this action on behalf of all similarly situated individuals and has a pending motion for conditional certification ("Motion") and facilitated notice to those similarly situated to the *BLANCO* PLAINTIFFS. The PARTIES agreed to continue the Motion hearing and related notice to negotiate a settlement of the *BLANCO* ACTION and the terms of this AGREEMENT, which provides PUTATIVE PLAINTIFFS the same DAMAGES PAYMENT provided to *BLANCO* and *JONES* PLAINTIFFS in the ACTIONS. During the settlement negotiations, the PARTIES engaged in settlement discussions which included extending any agreed back pay and liquidated damages to all current and former CITY employees who have not yet opted into either the *BLANCO* or *JONES* ACTIONS. The PARTIES agree to offer the amounts identified in Exhibit C to PUTATIVE PLAINTIFFS who have not yet opted into either the *BLANCO* or *JONES* ACTIONS, pursuant to the following conditions:

   a.    The PARTIES have agreed that in lieu of proceeding with the Motion hearing and facilitated notice, CITY shall send the "Notice of Collective Action Settlement: Claim Form & Release" identified in Exhibit D to all PUTATIVE PLAINTIFFS at their last known address on file with CITY.

   b.    Notification to PUTATIVE PLAINTIFFS shall be accomplished by sending an individualized "Notice of Collective Action Settlement: Claim Form & Release" in the form of the notice attached as Exhibit D to all current and former CITY employees identified in Exhibit C who worked overtime and received cafeteria plan contributions and/or cash-in-lieu of health benefits. The Claim Form & Release shall set forth each PUTATIVE PLAINTIFF'S DAMAGES PAYMENT, calculated as provided in Paragraph 1(b) above. CITY shall provide to PLAINTIFFS' attorneys verification CITY served the "Claim Form & Release" to all PUTATIVE PLAINTIFFS.

   c.    If a PUTATIVE PLAINTIFF accepts the settlement offer made by CITY, he/she must execute and return the "Notice of Collective Action Settlement: Claim Form & Release" attached hereto as Exhibit D. PUTATIVE PLAINTIFFS who execute and return the "Claim Form & Release" shall be bound by the terms of this AGREEMENT. If a PUTATIVE PLAINTIFF chooses not to accept the settlement offer made by CITY, he/she shall not be bound by this AGREEMENT, and his/her rights will not be affected.

3.    **Method of Payment.**    CITY shall be responsible for tendering payment to all PLAINTIFFS that execute this AGREEMENT and all PUTATIVE PLAINTIFFS who timely execute a "Notice of Collective Action Settlement: Claim Form & Release".

4.    **Prospective Relief.**  PLAINTIFFS and their counsel have been notified that, on a going forward basis, commencing with the pay period beginning on August 20, 2017 through September 2, 2017, CITY has modified its calculation of its overtime rate of pay to include

the total cafeteria plan contributions and/or amounts paid as cash-in-lieu of health benefits provided to each employee. An example of the calculation method is as follows:

| 2080 employee | | 2080 | | 2920 employee | | 2920 |
|---|---|---|---|---|---|---|
| Hourly Rate | | *$20.00 | | Hourly Rate | | *20.00 |
| | | | | | | |
| *Education | | $40.00 | | *Education | | $40.00 |
| *Longevity | + | $20.00 | | *Longevity | + | $20.00 |
| *Cafeteria/Cash-in-lieu | + | $500.00 | | *Cafeteria/Cash-in-lieu | + | $500.00 |
| Total Incentives per pay period | = | $560.00 | | Total Incentives per pay period | = | $560.00 |
| | | | | | | |
| Total Incentives | | $560.00 | | Total Incentives | | $560.00 |
| Hours per pay period | ÷ | *80.00 | | Hours per pay period | ÷ | *112.31 |
| Incentive Per Hour | = | $7.00 | | Incentive Per Hour | = | $4.99 |
| | | | | | | |
| Incentive Per Hour | | $7.00 | | Incentive Per Hour | | $4.99 |
| Hourly Rate | + | $20.00 | | Hourly Rate | + | $20.00 |
| *Regular Rate per hour* | = | *$27.00* | | *Regular Rate per hour* | = | *$24.99* |
| | | | | | | |
| Regular Rate | | $27.00 | | Regular Rate | | $24.99 |
| Overtime | x | 1.5 | | Overtime | x | 1.5 |
| *Overtime Rate per hour* | = | *$40.50* | | *Overtime Rate per hour* | = | *$37.48* |

*The incentives and hourly rates herein are simply an example and are not applicable to all employees.

Nothing in this Paragraph shall be construed to prevent the PARTIES from entering into any agreements concerning pay, compensation, benefits or overtime as part of their collective bargaining or meet and confer process or under the California Meyers-Milias-Brown Act; nor shall it prevent CITY from using a different methodology moving forward, provided, however, it does not violate the FLSA.

5.    **Tax consequences.**

a.    For the wage payment portion (one-half) of each PLAINTIFF'S or PUTATIVE PLAINTIFF'S (hereafter "PLAINTIFFS" for these Paragraphs a - d) DAMAGES PAYMENT, each PLAINTIFF will have their particular amount reduced by applicable withholdings for state and federal taxes as listed on the subject PLAINTIFF'S W-4 form on file with CITY as of the date of the wage payment. CITY shall then withhold from each PLAINTIFF'S share allocated for wages the amounts required by law to be withheld in conformity with each PLAINTIFF'S IRS Form W-4 currently or most recently on file with CITY at the time the payment is to be made. PLAINTIFFS who are no longer employed by CITY may submit updated W-4 forms to CITY before their amounts are withheld. CITY shall then pay the amounts withheld to

the state and federal governmental taxing authorities for the benefit of each PLAINTIFF, and shall pay the balance remaining to the respective PLAINTIFFS.

b.      The PARTIES believe liquidated damages are not wages, and the liquidated damages paid to PLAINTIFFS pursuant to this AGREEMENT are therefore not subject to withholding but are taxable as part of the PLAINTIFF'S gross income. However, this statement of belief is not an opinion on which PLAINTIFFS may rely, and PLAINTIFFS are therefore encouraged to consult with a tax advisor or attorney to independently determine any federal, state or local tax consequences of the liquidated damage portion of their DAMAGES PAYMENTS.

c.      PLAINTIFFS are solely responsible for reporting amounts received as liquidated damages pursuant to this AGREEMENT to any applicable federal, state or local agency as required by law. CITY will issue an IRS Form 1099 to each of the PLAINTIFFS in the amount of their respective liquidated damage amounts.

d.      This AGREEMENT states how the PARTIES will themselves initially treat the consideration paid herein in order to comply with tax considerations the PARTIES believe are or may be applicable.  PLAINTIFFS acknowledge that no CITY PARTY (defined as all of CITY'S departments, officers, elected officials, employees, attorneys and agents and any other person acting by, through, or in concert with it) has made any promise, representation or warranty, express or implied, regarding the tax consequences that may be imposed by state or federal taxing authorities on any consideration paid pursuant to the terms of this AGREEMENT.

6.      **Attorneys' fees and costs.**  As described above, CITY will pay attorneys' fees and costs in the amount of $386,887.21. One-half of said attorneys' fees and costs shall be paid to the law firm of Mastagni Holstedt, APC, tax identification number 94-2678460 as payment for attorneys' fees and costs incurred in connection with the *BLANCO* ACTION, and one-half of said attorneys' fees and costs shall be paid to the Dammeier Law Firm, tax identification number 56-5597029, as payment for attorneys' fees and costs incurred in connection with the *JONES* ACTION. Payment shall be as specified in Paragraph 27 below. Except as otherwise expressly provided herein, each PARTY shall be responsible for the payment of their own costs, attorneys' fees, and all other expenses incurred in connection with the above-described litigation and any matter or thing relating to this AGREEMENT and the RELEASED CLAIMS, as defined in Paragraph 8 below.

7.      **Dismissal of litigation.**  Each PLAINTIFF will dismiss with prejudice the subject litigation and will withdraw or dismiss any other related complaint, claim, grievance, or charge for overtime compensation that he/she has filed against CITY in state or federal court, or with an administrative agency, including but not limited to the United States Department of Labor and the California Labor Commissioner, up to the date he/she executes this AGREEMENT. To accomplish the dismissal of the ACTIONS, counsel for the PARTIES shall jointly execute, and the PARTIES shall approve, the Stipulation and Order substantially in form attached hereto as Exhibit E. The PARTIES expressly consent to and authorize their counsel to execute the Stipulation and Order and to seek Court approval of the Stipulation and Order on their behalf. The PARTIES shall submit the Stipulation and Order to the Court at the earliest opportunity

after all PARTIES have fully completed an individual signature page and shall jointly request the Court to accept and approve the Stipulation and Order. If for any reason the Court declines to enter and approve the Stipulation and Order, the PARTIES shall promptly meet and confer in a good faith effort to prepare a form of stipulation and order, or other similar decree, acceptable to the Court and consistent with the terms of this AGREEMENT. Should the Court refuse to approve the terms of this AGREEMENT, the PARTIES shall promptly meet and confer in a good faith effort to prepare a form of settlement agreement acceptable to the Court.

8.     **Release of all claims.** In consideration of the covenants undertaken herein, upon final approval by the Court of this AGREEMENT, the PLAINTIFFS and PUTATIVE PLAINTIFFS shall be deemed to have fully, finally, and forever released CITY, and all of its departments, officers, employees, attorneys and agents and any other person acting by, through, or in concert with it, from any and all claims, charges, grievances, complaints, allegations, and causes of action for compensation, damages, injunctive relief, declaratory relief, costs, attorneys' fees or any other form of relief of any nature whatsoever, whether the existence, nature or extent of the released claim is known or unknown, suspected or unsuspected, which the releasing parties have or might have, or which the releasing parties at any time heretofore had or might have had, claimed to have or may claim to have against the released parties arising in, or in connection with, or out of the ACTIONS described above and any such claim related to, arising in, or in connection with, or out of the claims described above, whether filed in state or federal court, or with a state, federal or local administrative agency ("**RELEASED CLAIMS**") through the date of execution of this AGREEMENT.

9.     **Waiver of California Civil Code Section 1542.** Upon final approval of this AGREEMENT by the Court, PLAINTIFFS and PUTATIVE PLAINTIFFS will be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he or she may otherwise have had with respect to the RELEASED CLAIMS through the date of execution of this AGREEMENT pursuant to California Civil Code section 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

10.    **Unanticipated consequences.** The PARTIES recognize and acknowledge that factors which have induced them to enter into this AGREEMENT may turn out to be incorrect or to be different from what they had previously anticipated, and the PARTIES hereby expressly assume any and all of the risks thereof and further expressly assume the risks of waiving the rights provided by California Civil Code section 1542.

11.    **No admissions.** This AGREEMENT affects claims and demands which are disputed by and between the PARTIES, and by executing this AGREEMENT, no PARTY admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other PARTY or any third party. Neither this AGREEMENT nor any part of this AGREEMENT shall be construed to be an admission of by any party of any violation of law or

of any lack of conformity with the FLSA, nor shall this AGREEMENT nor any part of it, nor any settlement negotiations or earlier drafts of this AGREEMENT, be admissible in any proceeding as evidence of such an admission. This AGREEMENT may be introduced in a proceeding solely to enforce the terms of this AGREEMENT, and may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any of the RELEASED CLAIMS.

12.    **Warranty of non-assignment.** The PARTIES warrant that they have not assigned any of the claims or portions of the claims that are the subject of this AGREEMENT.

13.    **No unwritten representations.** Each PARTY represents that in executing this AGREEMENT, the PARTY does not rely upon and has not relied upon any representation, promise, or statement not expressly contained herein.

14.    **Complete agreement.** This AGREEMENT is the complete agreement between the PARTIES and supersedes any prior agreements or discussions between the PARTIES.

15.    **California and federal law.**   This AGREEMENT is executed and delivered in the State of California, and the rights and obligations of the PARTIES hereunder shall be construed and enforced in accordance with the laws of the State of California and to the extent necessary in accordance with federal law.

16.    **Interpretation and construction.** Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the PARTY or PARTIES preparing this AGREEMENT or the documents referred to herein, on the understanding that the PARTIES participated equally in the negotiation and preparation of the AGREEMENT and the documents referred to herein or have had equal opportunity to do so. This AGREEMENT has been arrived at through negotiation and none of the PARTIES is to be deemed the PARTY who prepared this AGREEMENT or caused any uncertainty to exist within the meaning of Civil Code section 1654. The headings used herein are for reference only and shall not affect the construction of the AGREEMENT.

17.    **Breach, waiver and amendment.** No breach of this AGREEMENT or of any provision herein can be waived except by an express written waiver executed by the party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision of this AGREEMENT. This AGREEMENT may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the PARTIES hereto or their authorized representatives.

18.    **Exhibits.** The following exhibits are attached hereto and incorporated by reference:

A-1.    List of all PLAINTIFFS in *BLANCO* ACTION;

A-2.    List of all PLAINTIFFS in *JONES* ACTION;

B.    List of DAMAGES PAYMENT allocated to each joined PLAINTIFF;

C.    List of DAMAGES PAYMENT allocated to each PUTATIVE PLAINTIFF;

      D.     Notice of Collective Action Settlement: Claim Form & Release to be sent to all PUTATIVE PLAINTIFFS; and

      E.     Stipulation and Order Approving Settlement for *BLANCO* and *JONES* ACTIONS.

19.    **AGREEMENT does not establish precedent.**  The PARTIES agree the terms of this AGREEMENT will not establish any precedent, nor will this AGREEMENT be used as a basis by the PARTIES to seek or justify similar terms in any subsequent case and it may not be used by anyone else to seek or justify similar terms in any subsequent case.

20.    **Authority to execute.**  Each PARTY hereto warrants to the other PARTIES that he has the full power and authority to execute, deliver and perform under this AGREEMENT and all documents referred to herein, and that any needed consent or approval from any other person has been obtained, subject to Paragraph 30 below.

21.    **Counterparts.**  This AGREEMENT may be executed by the PARTIES in any number of counterparts, all of which taken together shall be construed as one document.

22.    **Effective date.**  The effective date of this AGREEMENT shall be the date the last signatory executes this AGREEMENT.

23.    **Duty to act in good faith.** The PARTIES shall act in good faith and use their reasonable good faith efforts after the execution of this AGREEMENT to ensure that their respective obligations hereunder are fully and punctually performed. The PARTIES shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this AGREEMENT.

24.    **Binding on successors and assigns.** This AGREEMENT and all documents referred to herein shall bind and inure to the benefit of each of the PARTIES hereto, their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys, successors and assigns.

25.    **No third party beneficiaries.** With the exception of the PUTATIVE PLAINTIFFS, this AGREEMENT is not for the benefit of any person not a party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. This AGREEMENT is not intended to constitute a third party beneficiary contract.

26.    **Time of the essence**. Time is of the essence in this AGREEMENT.

27.    **Time for performance.**

      a.     Upon approval by the court and execution of this AGREEMENT by all other PARTIES and by counsel as to form, it will be submitted to the City Council for approval and signature by CITY. If approved by the City Council, the PARTIES will

execute the Stipulation and Order attached hereto as <u>Exhibit E</u>, as described in Paragraph 6 herein.

b.      Payment of two-thirds (66.67%) of the individually-calculated DAMAGES PAYMENTS (less withholdings), to the PLAINTIFFS identified in <u>Exhibit B</u> shall occur no later than 30 calendar days after the Court files its order approving the settlement. Notwithstanding anything in this AGREEMENT, no sum will be paid to any PLAINTIFF who has not signed this AGREEMENT.

c.      Payment of remaining one-third (33.33%) of the individually-calculated DAMAGES PAYMENTS (less withholdings), to the PLAINTIFFS identified in <u>Exhibit B</u> shall occur no later than July 14, 2018. Notwithstanding anything in this AGREEMENT, no sum will be paid to any PLAINTIFF who has not signed this AGREEMENT.

d.      The attorneys' fees payments by the CITY to Mastagni Holstedt, APC, and the Dammeier Law Firm shall occur no later than thirty (30) calendar days after the Court files its Order approving this AGREEMENT.

e.      Upon the Court's issuance of an Order approving this AGREEMENT:

    i.      Within ten (10) calendar days, CITY shall mail the "Notice of Collective Action Settlement: Claim Form & Release", attached as <u>Exhibit D</u>, to all PUTATIVE PLAINTIFFS.

    ii.      Within ninety (90) days from the postmark date of the "Notice of Collective Action Settlement: Claim Form & Release", the completed claim form must be physically received by CITY. All executed copies of this form, and photocopies thereof (including fax and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original. PUTATIVE PLAINTIFFS may return completed forms by US Mail, email, or physical delivery as specified in the "Notice of Collective Action Settlement: Claim Form & Release".

    iii.      Payment of two-thirds (66.67%) of the individually-calculated DAMAGES PAYMENTS (less withholdings) to the PUTATIVE PLAINTIFFS as set forth in <u>Exhibit C</u> who have signed the Claim Form & Release and agreed to participate in this AGREEMENT shall occur no later than 30 calendar days after CITY'S receipt of the "Notice of Collective Action Settlement: Claim Form & Release".

    iv.      Payment of the remaining one-third (33.33%) of the individually-calculated DAMAGES PAYMENTS (less withholdings), to the PUTATIVE PLAINTIFFS identified in <u>Exhibit C</u> who have signed the Claim Form & Release and agreed to participate in this AGREEMENT shall occur no later than July 14, 2018.

v.    The PARTIES further agree to meet and confer over curing any defects in any "Notice of Collective Action Settlement: Claim Form & Release" submitted by a PUTATIVE PLAINTIFF or unforeseen issues that arise with respect to the execution of this AGREEMENT. Court shall retain jurisdiction over disagreements the parties are not able to resolve.

28.    **AGREEMENT signed knowingly and voluntarily after opportunity to consult with counsel.** The PARTIES understand and agree to this AGREEMENT and to the terms and conditions contained herein and enter into this AGREEMENT knowingly and voluntarily. PLAINTIFFS have been advised they have the right to seek legal advice with respect to this AGREEMENT, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice. The PARTIES have investigated the facts pertaining to this AGREEMENT and all matters pertaining thereto as deemed necessary. The PARTIES have relied on their judgment, belief, knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms. By signing this AGREEMENT and the documents referenced to herein, the PARTIES signify their full understanding, agreement, and acceptance of the AGREEMENT and the Stipulation and Order attached hereto as Exhibit E.

29.    **Savings Clause.** If any term, condition, provision or part of this AGREEMENT is determined to be invalid, void or unenforceable for any reason, the remainder of this AGREEMENT will continue in full force and effect.

30.    **City Council approval.** This AGREEMENT is entered into and shall be executed by the PARTIES, pursuant to the City Council's prior direction and authority authorizing settlement of the ACTIONS, as provided herein by the terms of this AGREEMENT.

[Signatures on following pages]

**IN WITNESS WHEREOF**, the PARTIES hereto have executed this AGREEMENT on the date written below.

Dated: 10-17-2017 _____      _____
                                            Matthew Blanco, Plaintiff


Dated: _____                  _____
                                            Amber Jones, Plaintiff


Dated: 10/31/17 _____         _____
                                            Deborah Robertson, Mayor
                                            Authorized Representative for Defendant
                                            City of Rialto


APPROVED AS TO FORM AND CONTENT


                                            **MASTAGNI HOLSTEDT, APC**

Dated: 10/17/2017 _____         _____ for
                                            DAVID E. MASTAGNI
                                            Attorneys for *Blanco* Plaintiffs


                                            **DAMMEIER LAW FIRM**

Dated: 10-17-17 _____         _____
                                            DIETER DAMMEIER
                                            Attorney for *Jones* Plaintiffs


                                            **ALESHIRE & WYNDER, LLP**

Dated: 10-20-17 _____         _____ for
                                            FRED GALANTE
                                            Attorneys for Defendant, City of Rialto


01180.0042/417991.1                         13

**IN WITNESS WHEREOF**, the PARTIES hereto have executed this AGREEMENT on the date written below.

Dated: **10-17-2017**

Matthew Blanco, Plaintiff

Dated: 10/24/17

Amber Jones, Plaintiff

Dated: _____

Deborah Robertson, Mayor
Authorized Representative for Defendant
City of Rialto

APPROVED AS TO FORM AND CONTENT

Dated: 10/17/2017

**MASTAGNI HOLSTEDT, APC**

for

DAVID E. MASTAGNI
Attorneys for *Blanco* Plaintiffs

**DAMMEIER LAW FIRM**

Dated: 10-17-17

DIETER DAMMEIER
Attorney for *Jones* Plaintiffs

**ALESHIRE & WYNDER, LLP**

Dated: _____

FRED GALANTE
Attorneys for Defendant, City of Rialto

01180.0042/417991.1          13

PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: __10/ 23/ 17__                    _____
                                          Plaintiff (Signature)

                                          __TANNER BAKER_____
                                          Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: ___10/30/17___            _____
                                  Plaintiff (Signature)


                                  _____
                                  Ralph L. Ballew
                                  Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10-20-17

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: __10/23/2017__                    _____
                                          Plaintiff (Signature)

                                          _James R. Bender_____
                                          Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY.  THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: __10-17-2017__                _____

                                      Plaintiff (Signature)


                                     __Matthew Blanco_____
                                      Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10·25·17

Plaintiff (Signature)

Erica M. Bluff-Hopp.

Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10-21-2017

_____
Plaintiff (Signature)

JOSEPH BOEHM
_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/23/17

_____
Plaintiff (Signature)

Vanessa Bowling
_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/20/17

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)

14

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY.   THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _10 / 31 / 17_

_Mark R. Brady_
Plaintiff (Signature)

_Mark R. Brady_
Plaintiff (Print Name)

PLEASE READ THE ABOVE AGREEMENT CAREFULLY.  THIS SETTLEMENT
AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL
KNOWN AND UNKNOWN CLAIMS.

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the
terms and conditions contained in this Settlement Agreement and Release, as set forth in the
above. I have been given the opportunity to seek the advice of counsel with respect to any
questions I might have regarding my rights and obligations under this settlement agreement.

Dated 10/23/17

_____
Plaintiff (Signature)

Todd Brownlee
_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _____   CANDIAS.JOHN.EFRIN.1175138710   Digitally signed by CANDIAS.JOHN.EFRIN.1175138710
Date: 2017.10.31 15:08:46 -07'00'
_____
Plaintiff (Signature)

CANDIAS.JOHN.EFRIN.1175138710   Digitally signed by CANDIAS.JOHN.EFRIN.1175138710
Date: 2017.10.31 15:14:49 -07'00'
_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _10/24/17_        _____
                                  Plaintiff (Signature)

                                 _Jesus Carrete_
                                  Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _10-27-17_

_____
Plaintiff (Signature)

_FRANK CARUZZLO_
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY.  THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: **10/23/2017**

_____
Plaintiff (Signature)

**Ryan Cathey**
Plaintiff (Print Name)

PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10-20-2017

Charles G. r
Plaintiff (Signature)

CHARLES COMPTON
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/24/17 _____          _____
                                                          Plaintiff (Signature)


                                         **Dezeray Covarrubias**
                                         _____
                                                          Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/27/2017

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY.  THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/27/17

_____
Plaintiff (Signature)

Scott Davisson
_____
Plaintiff (Print Name)

01180.0042/417991.1                    14

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _10-20-17_

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY.  THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/31/17 _____          _____
                                          Plaintiff (Signature)


                                          _Martin de Schepper_____
                                          Plaintiff (Print Name)

PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/23/2017

_____
Plaintiff (Signature)

RUDY M. DELGADO JR.
_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/21/17

Plaintiff (Signature)

NICHOLAS B. DELIA
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/24/2017

_____
Plaintiff (Signature)

Eric Englehardt
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10 24 17

Plaintiff (Signature)

LeAnne Fitch

Plaintiff (Print Name)

01180.0042/417991.1

14

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/22/17

_____
Plaintiff (Signature)

Ben Flanders
_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10·23–17          _____
                         Plaintiff (Signature)

                         Earl Frederick
                         Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _10/20/17_

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10-25-17

_____
Plaintiff (Signature)

DENISE GALLARN
_____
Plaintiff (Print Name)

01180.0042/417991.1

14

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: ___11·3·17___

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)

R. GARCIA

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _10/21/2017_

_____
Plaintiff (Signature)

_ERIC GARDINER_
_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/20/17

_____
Plaintiff (Signature)

SCOTT GASPAR
_____
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 10/25/2017

_____
Plaintiff (Signature)

CHRISTOPHER GERARDI
_____
Plaintiff (Print Name)

01180.0042/417991.1                                        14

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY.  THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _10/25/17_

_____
Plaintiff (Signature)

_JOSEPH GERARDI, JR._
Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _10-27-17_                        _____
                                         Plaintiff (Signature)

                                         _Josh Gilliam_
                                         Plaintiff (Print Name)

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 06/24/17

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)

Claudia Gradilla

01180.0042/417991.1                    14